UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND, and ARTHUR H. BUNTE, JR., as Trustee,

                        Plaintiffs,
v.

COMPLETE PERSONNEL SOLUTIONS, LLC, a New York limited liability company; and COMPLETE AUTO NETWORK CANADA, LTD., a New York corporation.

                        Defendants.

**DECISION AND ORDER**
13-CR-1091S

## I. INTRODUCTION

Plaintiffs commenced this action under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Multiemployer Pension Plan Amendments Act of 1980 ("MPPAA"), 29 U.S.C. § 1001, *et seq.*, to collect withdrawal liability from Defendants Complete Personnel Solutions, LLC ("Complete Personnel") and Complete Auto Network Canada, Ltd. ("Complete Auto"). Presently before this Court is Plaintiffs' motion for summary judgment. The Court finds the motion fully briefed and oral argument unnecessary. For the reasons that follow, Plaintiffs' motion is granted.

## II. BACKGROUND

The action stems from the withdrawal of non-party Automobile Distribution of Buffalo, Inc. ("Automobile Distribution") from the Plaintiff Pension Fund on October 30,

2010.  (Pls' Stmt Facts ¶ 22, Docket No. 59-2; Defs' Opp'g Stmt Facts ¶ 22, Docket No. 62; Brown Aff ¶¶ 11, 17, Docket No. 59-4; Brown Aff ¶ 7 Ex 5, Docket Nos. 64-2, 64-3.)  The MPPAA "requires that an employer withdrawing from a multiemployer pension plan pay a fixed and certain debt to the pension plan. This withdrawal liability is the employer's proportionate share of the plan's 'unfunded vested benefits,' calculated as the difference between the present value of vested benefits and the current value of the plan's assets." Pension Ben. Guar. Corp. v. R.A. Gray & Co., 467 U.S. 717, 725, 104 S. Ct. 2709, 467 L. Ed. 2d 601 (1984) (citing 29 U.S.C. §§ 1381, 1391)). By way of a consent order entered on December 14, 2011 in the Northern District of Illinois, Automobile Distribution and the Plaintiff Pension Fund stipulated that Automobile Distribution completely withdrew from the fund within the meaning of ERISA on October 30, 2010, and as a result incurred a withdrawal liability to the fund in the amount of approximately $1.3 million. (Brown Aff Ex 5, Docket No. 64-3.)  These parties further stipulated that Automobile Distribution failed to either pay the withdrawal liability or timely commence arbitration disputing the amount following the July 21, 2011 notification of the assessed liability.  (Id.); see 29 U.S.C. § 1401(a)(1)(A) (any dispute regarding withdrawal liability must be resolved by arbitration initiated within 60-days of notification).

Despite the consent judgment, the withdrawal liability has not been paid. (Pls' Stmt Facts ¶ 23; Defs' Opp'g Stmt Facts ¶ 23.)  Plaintiffs therefore commenced this action on August 29, 2013, in the Northern District of Illinois against Defendants on the ground that these companies were in a common control group with Automobile Distribution; therefore all three were considered a single employer for the purpose of

ERISA and the MPPAA.  As a result, Defendants are jointly and severally liable for the withdrawal liability incurred by Automobile Distribution, plus interest, statutory damages, attorneys' fees, and costs. (Docket No. 1.)  The matter was transferred to this Court on November 4, 2013.

### III. DISCUSSION

"A motion for summary judgment may properly be granted . . . only where there is no genuine issue of material fact to be tried, and the facts as to which there is no such issue warrant the entry of judgment for the moving party as a matter of law." Kaytor v. Elec. Boat Corp., 609 F.3d 537, 545 (2d Cir. 2010). A court's function on a summary judgment motion "is not to resolve disputed questions of fact but only to determine whether, as to any material issue, a genuine factual dispute exists." Kaytor, 609 F.3d at 545 (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)). "A dispute regarding a material fact is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.' " Weinstock v. Columbia Univ., 224 F.3d 33, 41 (2d Cir. 2000) (quoting Anderson, 477 U.S. at 248), *cert denied*, 540 U.S. 811 (2003).  A court must also "construe the facts in the light most favorable to the non-moving party and must resolve all ambiguities and draw all reasonable inferences against the movant." Dallas Aerospace, Inc. v. CIS Air Corp., 352 F.3d 775, 780 (2d Cir. 2003).  Further, where, as here, both parties move for summary judgment, "each party's motion must be examined on its own merits, and in each case all reasonable inferences must be drawn against the party whose motion is under consideration." Morales v. Quintel Entm't, 249 F.3d 115, 121 (2d Cir. 2001).

**A.      Common Control Liability**

Plaintiffs contend that they are entitled to summary judgment because, under the common control doctrine, Defendants and Automobile Distribution are considered one employer for purposes of assessing and collecting withdrawal liability. (Pls' Mem of Law at 7-9); see generally Corbett v. MacDonald Moving Servs., 124 F.3d 82, 86 (2d Cir. 1997) (citing 29 U.S.C. § 1301(b)(1), 26 C.F.R. §§ 1.414(c)–1 through 1.414(c)–5).  In order to establish that an organization other than the one originally obligated to a pension fund is jointly and severally liable for an assessed withdrawal liability, a plaintiff must establish that: (1) that organization is under common control with the owing entity; and (2) the defendant organization is engaged in a "trade or business." Cent. States, Se. & Sw. Areas Pension Fund v. Neiman, 285 F.3d 587, 594 (7th Cir. 2002); see 29 U.S.C. § 1301(b)(1)1.  The existence of such a controlled group is determined as of the date of the employer's withdrawal from the pension fund. UFCW Local One Pension Fund v. Enivel Properties, LLC, No. 6:11-CV-1144, 2014 WL 2711660, *6 (N.D.N.Y. June 16, 2014) (citing Cent. States, Se. & Sw. Areas Pension Fund v. SCOFBP, LLC, 668 F.3d 873, 881 (7th Cir.2011), cert denied, 132 S. Ct. 2688 (2012)).  Notably, although the MPPAA requires that all disputes between an employer and a pension fund be arbitrated, the threshold issue of whether an entity is an employer is a matter for the courts.  N.Y.S. Teamsters Conference Pension & Retirement Fund v. Express Servs., 426 F.3d 640, 645-46 (2d Cir. 2005).

Plaintiffs assert that Defendants and Automobile Distribution are under common

---

[1] "For purposes of this subchapter, under regulations prescribed by the corporation, all employees of trades or businesses (whether or not incorporated) which are under common control shall be treated as employed by a single employer and all such trades and businesses as a single employer." 29 U.S.C. § 1301 (b)(1).

4

control because they belong to a "brother-sister" category of commonly-controlled trades or businesses. (Pl's Mem of Law at 8-9.)

> The term "brother-sister group of trades or businesses under common control" means two or more organizations conducting trades or businesses if (i) the same five or fewer persons who are individuals, estates, or trusts own (directly and with the application of [26 C.F.R.] § 1.414(c)–4) a controlling interest in each organization, and (ii) taking into account the ownership of each such person only to the extent such ownership is identical with respect to each such organization, such persons are in effective control of each organization.

26 CFR § 1.414(c)-2 (c)(1).  Plaintiffs assert, and Defendants do not dispute, that Teresa D'Angelo holds such a controlling interest in each of the Defendants and in Automobile Distribution. (Pls' Stmt Facts ¶¶ 24, 25, 28; Defs' Opp'g Stmt Facts ¶¶ 24, 25, 28.)

With respect to the second requirement, an entity that engages in an activity with continuity and regularity for the primary purpose of income or profit is a "trade or business" for the purpose of imputed withdrawal liability. Cent. States, Se. & Sw. Areas Pension Fund v. Fulkerson, 238 F.3d 891, 895 (7th Cir. 2001) (citing Comm'r v. Groetzinger, 480 U.S. 23, 35, 107 S. Ct. 980, 94 L. Ed. 2d 25 (1987)), *cert denied*, 534 U.S. 821 (2001). Defendants dispute only that Defendant Complete Auto had ceased operations in June 2010 and therefore was no longer a "trade or business" in October 2010 when Automobile Distribution withdrew from the Plaintiff Pension Fund. (Defs' Mem in Opp'n at 6-8; see D'Angelo Aff ¶ 16.)  Accordingly, Defendants argue that there is a material issue of triable fact whether Complete Auto was an employer for ERISA and MPPAA purposes at the time of Automobile Distribution's withdrawal.

The Second Circuit, however, has explicitly recognized a "distinction between determinations of employer status per se, which are for the court, and determinations of

5

continued employer status, which are for the arbitrator." N.Y.S. Teamsters Conference Pension & Retirement Fund, 426 F.3d at 646. Thus, contrary to Defendants' argument, (Defs' Mem in Opp'n at 8 n. 1), because Defendants do not dispute that Complete Auto was an employer for the purposes of withdrawal liability prior to June 2010, the issue of whether this Defendant was still jointly and separately responsible for that liability in October 2010 is an issue for arbitration, not this Court. N.Y.S. Teamsters Conference Pension & Retirement Fund, 426 F.3d at 646.

**B.    Validity of the Original Assessment against Automobile Distribution**

Defendants also argue that Plaintiffs are not entitled to summary judgment because no withdrawal liability should have been assessed against Automobile Distribution where: (1) this employer did not voluntarily withdraw but was forced to cease operations; and (2) a successor corporation immediately took over contribution payments for that company's remaining employee. (Defs' Mem in Opp'n at 2-4.)  These arguments,[2] like Defendants' argument that Complete Auto ceased being a common control employer prior to withdrawal, are subject to the arbitration requirement of 29 U.S.C. § 1401(a)(1)(A). Because notice to one member of a common control group is notice to all, Cent. States, Se. & Sw. Areas Pension Fund v. Slotky, 956 F.2d 1369, 1375 (7th Cir. 1992), Defendants were required to initiate arbitration within 60 days of the date Automobile Distribution received its notice and demand for payment of the withdrawal liability. 29 U.S.C. § 1401(a)(1)(A); see I.L.G.W.U. Nat'l. Retirement Fund v.

---

[2] In any event, as Plaintiffs argue, Defendants have offered no reason why these arguments survive Automobile Distribution's concessions in the Illinois consent judgment that it completely withdrew from the Plaintiff Pension Fund within the meaning of ERISA and that it was responsible for the withdrawal liability assessed.

ESI Group, Inc., No. 92 CIV. 0597 (PKL), 2002 WL 999303, *7-9 (S.D.N.Y.,2002) (applying same rule even where a member of the group allegedly severed ties prior to notice being sent), *aff'd* 94 F. App'x 850, 851-852 (2d Cir. 2003) (noting that the former member never initiated arbitration following receipt of actual notice); but see Chicago Truck Drivers v. El Paso Co., 525 F.3d 591, 599-600 (7th Cir. 2008) (declining to find constructive notice per se appropriate "[w]hen a plan sponsor asserts a claim against a former member of a controlled group"). Defendants failed to pursue these arguments by way of arbitration, therefore they are waived. See 29 U.S.C. § 1401(b)(1) (where no arbitration proceeding is timely initiated, the withdrawal liability demanded becomes due and owing on the schedule set forth by the plan sponsor); Nat'l Integrated Group Pension Plan v. Dunhill Food Equip. Corp., 938 F.Supp.2d 361, 366 (E.D.N.Y. 2013) (withdrawal liability becomes fixed following a failure to initiate arbitration). As recognized in Slotky, although this rule may seem harsh, "[t]here is nothing unreasonable about requiring the notified firm to notify the other members of the controlled group rather than requiring the pension plan to thread what may be a maze of intercorporate relations to establish the bounds of the group." Slotky, 956 F.2d at 1375. This requirement is not particularly onerous where, as here, the link between the individual companies is the common control of a single individual.

**C.     Interest, Statutory Damages, Attorneys' Fees, and Costs**

Plaintiffs also assert that, in addition to the amount of the withdrawal liability itself, they are entitled to recover interest, statutory damages, attorneys' fees, and costs pursuant to 29 U.S.C. § 1132(g) and § 1451. Defendants do not address this issue.

Section 1451 provides that "[i]n any action under this section to compel an employer to pay withdrawal liability, any failure of the employer to make any withdrawal liability payment within the time prescribed shall be treated in the same manner as a delinquent contribution." 29 U.S.C. § 1451(b).  To that end, section 1132(g) requires that, where a judgment is obtained by a pension plan for the recovery of delinquent contributions, a court must award the plan: (1) the unpaid contributions; (2) interest on the unpaid contributions; (3) statutory damages in an amount equal to the unpaid interest or, if the plan so provides, up to 20 percent of the unpaid contributions, whichever is greater;  and (4) reasonable attorneys' fees and costs[3] of the action.  See Bowers v. Transportacion Maritima Mexicana, S.A., 901 F.2d 258, 265 (2d Cir. 1990). Plaintiffs' motion is therefore also granted with respect to damages as well as attorneys' fees and costs.

## IV. CONCLUSION

Plaintiffs' motion for summary judgment is granted in its entirety, and they are directed to file a proposed judgment and documentation in support thereof, as well as an application for reasonable attorneys' fees and costs, by April 1, 2015.

## V. ORDERS

IT HEREBY IS ORDERED that Plaintiffs' Motion for Summary Judgment (Docket No. 59) is GRANTED;

---

[3] Although 29 U.S.C. § 1451 has a separate subsection providing that a "court may award all or a portion of the costs and expenses . . . including reasonable attorney's fees" to the prevailing party, the Second Circuit in Bowers has applied the mandatory section of § 1132(g) when a plan or fund prevails in an action to recover a delinquent withdrawal liability amount. 901 F.2d at 265.

FURTHER, that Plaintiffs are directed to file their proposed judgment and proposed award of attorneys' fees and costs with supporting documentation by April 1, 2015;

FURTHER, that Defendants shall file any opposition by April 15, 2015.  Any reply must be filed by April 22, 2015.

SO ORDERED.

Dated: March 8, 2015
Buffalo, New York

/s/William M. Skretny
WILLIAM M. SKRETNY
Chief Judge
United States District Court
